MILTON JOHNS, *Plaintiff in Error,* v. EVERETT SMITH, *Defendant in Error.*

Opinion filed April 17, 1919.

A contract relating to a "purse, prize or premium" earned by a race horse, does not violate the statutes forbidding "stakes, bets or wagers * * * upon the result of any trial or contest of skill, speed or power of endurance of man or beast," or forbidding "games of chance with dice, cards, numbers, hazard or other gambling device" or forbidding a lottery.

A Writ of Error to the Circuit Court for Volusia County; J. W. Perkins, Judge.

Judgment affirmed.

*Geo. M. Powell,* for Plaintiff in Error;

*Murray Sams,* for Defendant in Error.

PER CURIAM.—An action was brought to recover damages for the breach of a contract as to sums collected "as a purse, prize or premium," earned by a race horse. The declaration was demurred to on the ground that the contract is a gaming contract, agreement or device in violation of the statute. This demurrer was overruled and the defendant failing to further plead, final judgment was rendered for the plaintiff, to which the defendant took writ of error.

Chapter 6188, Acts of 1911, provides that "whoever stakes, bets or wagers any money or other thing of value upon the result of any trial or contest of skill, speed or power or endurance of man or beast," etc., shall be punished as prescribed.

A "purse, prize or premium" is not equivalent to a "stake, bet or wager," and the facts appearing in the declaration do not show them to be similar in fact or in effect. Nor do the facts set up show a violation of Section 3584, General Statutes, 1906, forbidding games of chance with dice, cards, numbers, hazard or other gambling device. The facts set up do not show a lottery forbidden by Section 3585, General Statutes, 1906.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.